**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiff and the
Putative Classes*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **HOLGER QUEZADA, Individually and On Behalf of All Putative Class Members,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**STURCTURETECH NEW YORK, INC.,**<br><br>**Defendant.** | **CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Holger Quezada ("Quezada" or "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1.      Plaintiff and the putative class of workers he seeks to represent (altogether, the "Plaintiffs") are former construction employees of defendant StructureTech New York, Inc.

("StructureTech" or "Defendant") who were peremptorily terminated from their jobs, without advance notice, beginning on or about July 15, 2022.

2.      Plaintiff brings this action on behalf of himself and the other similarly situated employees who worked for StructureTech and who were terminated without cause, as part of, or as the result of, a mass layoff or plant closing ordered by Defendant on or about July 15, 2022 and within thirty (30) days of that date, who were not provided sixty (60) days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*., and ninety (90) days advance written notice of their terminations by Defendant, as required by the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 *et seq.* (collectively, the "WARN Acts").

3.      Plaintiff and all similarly situated employees seek to recover up to sixty (60) days wages, pursuant to 29 U.S.C. § 2104 and NYLL § 860-g(2), from Defendant.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant maintains an office in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

**Plaintiff**:

6.      Plaintiff Holger Quezada was, at all relevant times, an adult individual residing in

Queens County, New York.

7.      Plaintiff worked for Defendants as a full-time construction employee from on or about July 2015, until his termination as part of a mass layoff and/or plant closing that began on or about July 15, 2022.

8.      Throughout the relevant time period, Plaintiff performed work for Defendants at or based from their construction yard located at 90 West Sandford Blvd., Mt. Vernon, New York 10550 (the "Mount Vernon Facility").

9.      Plaintiff is an affected employee within the meaning of the WARN Act and NY WARN Act.

**<u>Defendant</u>:**

10.      <u>Defendant StructureTech New York, Inc.</u> is an active New York corporation with its principal place of business located at 90 West Sandford Blvd., Mt. Vernon, New York 10550 and a New York State Department of State Service of Process address at 500 7th Avenue, Floor 10B, New York, NY 10018.

11.      StructureTech New York, Inc. registered with the New York State Department of State on December 16, 2008.

12.      Until on or about July 15, 2022, Plaintiff and all similarly situated employees were employed by Defendant and either worked at, reported to or were based from Defendant's Mount Vernon Facility.

13.      Until on or about July 15, 2022, Defendant employed well in excess of one hundred (100) employees at or based from their Mount Vernon Facility.

14.      At all relevant times, Defendant was an "employer" under both the WARN Act and NY WARN Act. *See* 29 U.S.C. § 2101(a)(2); NYLL § 860-a (3).

3

15.     On or about July 15, 2022, Defendant informed its employees that they were terminated because "StructureTech NY will be closing."

16.     Defendant did not provide Plaintiff or the similarly situated employees with any notice of their termination prior to informing them that they had been terminated.

## FED. R. CIV. P. 23 CLASS ALLEGATIONS

**The WARN Class**

17.     Pursuant to 29 U.S.C. § 2104(a)(5), Plaintiff brings his First Cause of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All former employees who worked at, reported to or were based from Defendant's yard located at 90 West Sandford Blvd., Mt. Vernon, New York 10550 and were terminated without cause on or about July 15, 2022 and within 30 days of that date, or were terminated without cause as a reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendant on or about July 15, 2022, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class")

18.     The WARN Class is readily ascertainable. The number and identity of the persons in the WARN Class defined above (the "WARN Class Members") are determinable from the records of Defendant. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by any means permissible under Federal Rule of Civil Procedure.

19.     The WARN Class Members are so numerous that joinder of all members is impracticable.

20.     Although the precise number of such persons is unknown, upon information and belief, there are in excess of one-hundred (100) WARN Class Members, and the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

21.     Common questions of law and fact exist as to all WARN Class Members and

4

predominate over any questions solely affecting individual WARN Class Members. Such common questions will determine Defendant's liability to all (or nearly all) WARN Class Members. These common questions include:

      a.  whether the WARN Class Members were employees of the Defendant who worked at, reported to or were based from Defendant's Mount Vernon Facility;

      b.  whether Defendant unlawfully terminated the employment of the WARN Class Members without cause on their part and without giving them 60 days advanced written notice in violation of the WARN Act; and

      c.  whether Defendant unlawfully failed to pay the WARN Class Members 60 days wages and benefits as required by the WARN Act.

22.    <u>Plaintiff's claims are typical of the WARN Class Members' claims</u>. Plaintiff, like all WARN Class Members, worked at, reported to or was based from Defendant's Mount Vernon Facility and was terminated without cause on or about July 15, 2022, due to the mass layoff and/or plant closing ordered by Defendant. If Defendant is liable to the Plaintiff for the Class claims enumerated in this Complaint, it is also liable to all WARN Class Members.

23.    <u>Plaintiff and his Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiff and the WARN Class Members, and Plaintiff brings this lawsuit out of a desire to help all WARN Class Members, not merely out of a desire to recover his own damages.

24.    Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the WARN Class Members.

25.    <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

26.     Defendant is a sophisticated corporate entity with substantial resources. The individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

27.     The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other currently pending litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

**The NY WARN Class**

28.     Pursuant to NYLL § 860-g(7), Plaintiff brings his Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All former employees who worked at, reported to or were based from Defendant's yard located at 90 West Sandford Blvd., Mt. Vernon, New York 10550 and were terminated without cause on or about July 15, 2022 and within 30 days of that date, or were terminated without cause as a reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendant on or about July 15, 2022, and who are affected employees, within the meaning of NYLL § 860-a(1), (4) and (6) (the "NY WARN Class").

29.     The NY WARN Class is readily ascertainable. The number and identity of the persons in the NY WARN Class defined above (the "NY WARN Class Members") are determinable from the records of Defendant. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by any means permissible under Federal Rule of Civil Procedure.

30.     The NY WARN Class Members are so numerous that joinder of all members is impracticable.

31.     Although the precise number of such persons is unknown, upon information and belief, there are in excess of one-hundred (100) NY WARN Class Members, and the facts on which

the calculation of that number can be based are presently within the sole control of Defendant.

32.    Common questions of law and fact exist as to all NY WARN Class Members and predominate over any questions solely affecting individual NY WARN Class Members. Such common questions will determine Defendant's liability to all (or nearly all) NY WARN Class Members. These common questions include:

> d.    whether the NY WARN Class Members were employees of the Defendant who worked at, reported to or were based from Defendant's Mount Vernon Facility;
>
> e.    whether Defendant unlawfully terminated the employment of the NY WARN Class Members without cause on their part and without giving them 90 days advanced written notice in violation of the NY WARN Act; and
>
> f.    whether Defendant unlawfully failed to pay the NY WARN Class Members 60 days wages and benefits as required by the NY WARN Act.

33.    Plaintiff's claims are typical of the NY WARN Class Members' claims. Plaintiff, like all NY WARN Class Members, worked at, reported to or was based from Defendant's Mount Vernon Facility and was terminated without cause on or about July 15, 2022, due to the mass layoff and/or plant closing ordered by Defendant. If Defendant is liable to the Plaintiff for the Class claims enumerated in this Complaint, it is also liable to all NY WARN Class Members.

34.    Plaintiff and his Counsel will fairly and adequately represent the Class. There are no conflicts between Plaintiff and the NY WARN Class Members, and Plaintiff brings this lawsuit out of a desire to help all NY WARN Class Members, not merely out of a desire to recover his own damages.

35.    Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the NY WARN Class Members.

36.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

37.     Defendant is a sophisticated corporate entity with substantial resources. The individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

38.     The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other currently pending litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## ADDITIONAL FACTUAL ALLEGATIONS

39.     On or about July 15, 2022, Defendant completely suspended its operations in New York, abandoning several ongoing construction projects in the greater New York City area.

40.     Upon information and belief, or on about July 15, 2022, prior to their termination, Defendant employed several hundred workers at or based from its Mount Vernon Facility, who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, in the United States.

41.     Upon information and belief, certain of Defendant's employees, such as Plaintiff, received a termination letter at the time that they were notified of their termination on or about July 15, 2022, while other employees were terminated on or about July 15, 2022 without receiving any such letter.  A copy of the letter provided to Plaintiff on July 15, 2022 is attached hereto as **Exhibit A**.

42.     The termination letter fails to include any statement for the basis as to why Defendant was providing notice well after the required notification period. In fact, the letter makes

no mention of any specific reasons for the layoff, and instead simply provides that "Structuretech NY is closing."

43.    Neither the timing nor contents of the termination letter received by Plaintiff complies with the Notice requirements of the WARN Act or NY WARN Act.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FEDERAL WARN ACT**
**(Brought on Behalf of Plaintiff and the WARN Class Members)**

44.    Plaintiff, on behalf of himself and the WARN Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

45.    At all relevant times, Defendant employed one hundred (100) or more employees, exclusive of part-time employees, or one hundred (100) or more employees who in the aggregate worked at least four thousand (4,000) hours per week, exclusive of overtime hours, within the United States.

46.    At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoff or plant closing at its Mount Vernon Facility.

47.    At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. § 2101.

48.    On or about July 15, 2022, Defendant ordered a mass layoff or plant closing at the Mount Vernon Facility, as that term is defined by 29 U.S.C. § 2101(a)(2).

49.    The mass layoff or plant closing at the Mount Vernon Facility resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty (50) of Defendant's employees, as well as thirty-three percent (33%) of Defendant's workforce at the

Mount Vernon Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

50.     Plaintiff and the WARN Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Mount Vernon Facility.

51.     Plaintiff and the WARN Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

52.     Defendant was required by the WARN Act to provide Plaintiff and the WARN Class Members at least 60 days advance written notice of their terminations.

53.     Defendant failed to give Plaintiff and the WARN Class Members written notice that complied with the requirements of the WARN Act.

54.     Plaintiff and the WARN Class Members are "aggrieved employees" of the Defendant, as that term is defined in 29 U.S.C. § 2104(a)(7).

55.     Defendant failed to pay Plaintiff and each of the WARN Class Members their respective wages, salaries, and benefits for sixty (60) days following their respective terminations.

56.     Due to Defendant's violations of the WARN Act, Defendant is liable to Plaintiff and the WARN Class Members for back pay and benefits for each day of the violation up to a maximum of sixty (60) days, as well as reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 2104(a).

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK WARN ACT**
**(Brought on Behalf of Plaintiff and the NY WARN Class Members)**

57.     Plaintiff, on behalf of himself and the NY WARN Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

58.     At all relevant times, Defendant employed fifty (50) or more employees, exclusive of part-time employees, or fifty (50) or more employees who in the aggregate worked at least two thousand (2,000) hours per week, exclusive of overtime hours, within New York State.

59.     At all relevant times, Defendant was an "employer" under the NY WARN Act and continued to operate as a business until it decided to order a mass layoff or plant closing at its Mount Vernon Facility, as defined by NYLL §§ 860-a(3), (4), (6).

60.     On or about July 15, 2022, Defendant ordered a mass layoff and/or plant closing at the Mount Vernon Facility, as defined by NYLL §§ 860-a(4), (6).

61.     Plaintiff and the NY WARN Class Members suffered an employment loss, as defined by NYLL § 860-a(2), having been terminated by Defendant without cause on their part.

62.     Defendant was required by the NY WARN Act to give Plaintiff and the NY WARN Class Members at least ninety (90) days advance written notice of their terminations pursuant to NYLL § 860-b.

63.     Defendant failed to give Plaintiff and the NY WARN Class Members written notice that complied with the requirements of the NY WARN Act. The termination letter that Defendant provided to Plaintiff (Ex. A) failed to include a statement setting forth the basis for reducing the notification period. 12 N.Y.C.R.R. § 921-6.1.

64.     Defendant failed to pay Plaintiff and each of the NY WARN Class Members their respective wages, salaries, and benefits for sixty (60) days following their respective terminations.

65.     Due to Defendant's violations of the NY WARN Act, Defendant is liable to Plaintiff and the NY WARN Class Members for back pay and benefits for each day of the violation up to a maximum of sixty (60) days, as well as reasonable attorneys' fees and costs of this action, pursuant to NYLL § 860-g.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated WARN Class and NY WARN Class Members, respectfully requests that this Court grant the following relief:

a.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Classes, appointing Plaintiff and his counsel to represent the Classes and ordering appropriate monetary, equitable and injunctive relief to remedy Defendants' violation of the WARN Act and NY WARN Act;

b.     An award of damages in favor of Plaintiff and each of the WARN Class and NY WARN Class Members equal to the sum of wages and benefits for sixty (60) days, determined in accordance with the WARN Act and the NY WARN Act;

c.     An award of prejudgment and post-judgment interest;

d.     An award of costs and expenses of this action together with reasonable attorneys' fees; and

e.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       August 8, 2022

                              Respectfully submitted,

                              **PELTON GRAHAM LLC**

                              By: _____
                              Brent E. Pelton (BP 1055)
                              Taylor B. Graham (TG 9607)
                              111 Broadway, Suite 1503
                              New York, New York 10006
                              Telephone: (212) 385-9700
                              Facsimile: (212) 385-0800

                              *Attorneys for Plaintiff and the putative Classes*

13

**Notice of Shareholder Liability for Services Rendered**
**Pursuant to § 630 of the Business Corporation Law of New York**

Pursuant to the provisions of § 630 of the Business Corporation Law of New York ("NYBCL"), the ten (10) largest shareholders of STRUCTURETECH NEW YORK, INC. are hereby notified that the plaintiff in this matter, individually and on behalf of the classes he seeks to represent, intends to enforce your personal liability, as the ten (10) largest shareholders of STRUCTURETECH NEW YORK, INC. and charge you with indebtedness of said corporations to the plaintiff and class members for services performed for the corporation as employees during the six (6) year period preceding the filing of the complaint.

Services for the corporation ceased on or about July 15, 2022, within 180 days of this notice.

Dated:  August 8, 2022

_____
Brent. E. Pelton